IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THANH VINH DOAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:26-cv-222 (RDA/WEF) |
| ) | |
| TODD M. LYONS, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## ORDER

This matter comes before the Court on Petitioner Thanh Vinh Doan's Petition for Writ of Habeas Corpus.  Dkt. 1.  The Petition was filed on January 23, 2026.  *Id.*  That same day, this Court set a briefing schedule on the Petition.  Dkt. 3.  On February 3, 2026, Respondents filed an Opposition to the Petition.  Dkt. 7.  On February 4, 2026, the Court scheduled a hearing and directed the parties to more particularly address the issues raised under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Dkt. 8.  Petitioner filed a Reply in support of the Petition.  Dkt. 9.  On February 11, 2026, the parties filed their supplemental *Zadvydas* briefs.  Dkts. 10, 13.   On February 18, 2026, counsel for the parties appeared at the hearing, and the Court heard argument on the Petition. The matter is now ripe for disposition.   Considering the briefing, as well as counsel's representations and argument at the February 18, 2026 hearing, the Court GRANTS the Petition for the reasons stated herein.

## I.  BACKGROUND

Petitioner is a native and citizen of Vietnam currently held in immigration detention at Caroline Detention Center in Bowling Green, Virginia.  Dkt. 1 ¶ 15.  Petitioner has resided in the United States since 2024.  *Id.* ¶ 45.  He was first encountered in California and was processed for

expedited removal.  Dkt. 4-1 ¶ 6.  He then expressed fear of returning to Vietnam and was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. *Id.* ¶ 7.  After an asylum officer determined that Petitioner had a credible fear, he was placed into removal proceedings.  *Id.* ¶ 8.  He filed an application for asylum and for withholding of removal. *Id.* ¶ 9.  On April 14, 2025, an Immigration Judge ordered Petitioner's removal from the United States, denied his application for asylum, and granted him withholding from removal to Vietnam. *Id.* ¶ 11.  At that time, Petitioner's detention under Section 1231 began.  *Id.*

On July 8, 2025, a custody review was conducted and it was determined that Petitioner's detention would continue pending removal to a third country.  *Id.* ¶ 16.  Another review was conducted on October 13, 2025, with the same result.  *Id.* ¶ 17.  In the declaration by Assistant Field Office Director Charles M. Byrne, no third country for removal is identified.

On February 11, 2026, Respondents identified, for the first time, that a request had been made two countries (France and Belgium) to accept Petitioner for removal.  Dkt. 13.  Respondents report that no responses have been received.  *Id.*

At the hearing, Respondents indicated that the request for travel documents to France and Belgium had been made, but still no responses had been received.  Counsel further noted that this case is factually and legally similarly to a case recently addressed by this Court.  *See Farahat v. Perry*, No. 1:26-cv-105, Order, Dkt. 14, dated February 13, 2026 (E.D. Va.).

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the

matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

### III. ANALYSIS

Here, Petitioner argues that he is entitled to be released based on *Zadvydas*. In this case, it

is uncontested that Petitioner has been detained longer than the presumptively reasonable six-month period described in *Zadvydas*. Indeed, Petitioner has now been detained subject to a final removal order for since April 2025. Accordingly, the question before the Court is whether there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and, if so, whether the Government has rebutted that showing with sufficient evidence. *Zadvydas*, 533 U.S. at 701.

Courts in this District have found that, where removal to the petitioner's native country has already been withheld and third-country removal efforts have been underway for some time with no success and uncertain prospects, the *Zadvydas* requirements for release on due process grounds are satisfied. *See, e.g.*, *Banoub v. Crawford*, 2025 WL 3723458, at *9 (E.D. Va. Dec. 23, 2025) (granting *Zadvydas* release after nearly eight months where the Government had made requests to three countries, at least one of which declined to accept the petitioner and another remained unresponsive, and, despite the Government's arguments that they were still actively pursuing removal to another county through a "Third Country Removal Agreement," the Government presented no specific evidence of further steps taken in the petitioner's case); *Divafkan v. Lyons*, No. 1:25-cv-2242-AJT-LRV (E.D. Va. Jan. 20, 2026) (granting *Zadvydas* release after eight months where two countries had declined to accept the petitioner and one was unresponsive, and, despite the Government's arguments that efforts to locate a third country were ongoing, the Government presented no specific evidence of further steps taken in the petitioner's case); *see also Zavvar v. Scott*, 2025 WL 2592543, at *8 (D. Md. Sept. 8, 2025) (ordering release of Iranian national who had obtained withholding as to that country, and for whom two alternate countries of removal had been identified but had not accepted).

Here, the record presents a similarly strong showing of non-foreseeability. Removal to

4

Petitioner's native country of Vietnam has been withheld since April 2025. There were two custody reviews, where Respondents determined that it was appropriate to continue to detain Petitioner. And Petitioner's motions to reopen and to reconsider the immigration proceedings were denied. With respect to third country removal, no country was originally identified in the response to the petition (Dkt. 4) on January 28, 2026. It was not until February 11, 2026, that Respondents identified two potential third countries for removal and, other than submitting the requests, it does not appear that any other steps have been taken to effectuate removal. Thus, there is no evidence that any country has agreed to accept Petitioner, that any travel document has been issued, or that any removal date has been scheduled. Based on these facts, the Court finds that Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and that Respondents have not responded "with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In sum, Petitioner has been in detention for the purposes of removal pursuant to a final order of removal since April 2025, a period of more than nine months and therefore for a period beyond the presumptively reasonable six-month period established under *Zadvydas*. He has also made the required *prima facie* showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have failed to present evidence sufficient to rebut that showing. Petitioner's continued detention is therefore unlawful under *Zadvydas*.

IV.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Petition (Dkt. 1) is GRANTED; and it is

FURTHER ORDERED that Petitioner be RELEASED from custody under an Order of

5

Supervision pursuant to 8 U.S.C. § 1231(a)(3) no later than <u>Friday, February 20, 2026, at 12:00 p.m.</u> with all his personal property; and it is

FURTHER ORDERED that, within twenty-four (24) hours of Petitioner's release, Petitioner provide his address of residence to the local ICE office and to Respondents; and it is

FURTHER ORDERED that Respondents are DIRECTED to file a notice with the Court on or before <u>Tuesday, February 24, 2026</u>, confirming Petitioner's Release and providing his address of residence; and it is

FURTHER ORDERED that Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, or on any other basis justified under law, is DENIED.[1]

It is SO ORDERED.

Alexandria, Virginia
February 18, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[1] *See Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021) (holding that a habeas petitioner has no cognizable claim for attorney's fees under the EAJA because a habeas proceeding is not a "civil action" under the EAJA).